"ORIGINAL"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

CORTEZ FISHER,

      PETITIONER,           CRIMINAL#JFM 07-0518

      VS.                  CIVIL NO#JFM 10-0706

UNITED STATES OF AMERICA

      RESPONDENT.

### PETITIONER'S RESPONSE TO
### GOVERNMENT'S ANSWER TO
### VACATE SENTENCE

NOW COMES PETITIONER, CORTEZ FISHER, PRO SE, WHO FILES THIS TRAVERSE IN RESPONSE TO THE GOVERNMENT'S ANSWER FILED ON JUNE 14TH., 2010.

PETITIONER RESPONDS BY WAY OF LEGAL ARGUMENT AND PRESENTS SUCH ARGUMENTS ATTACHED HERETO IN SUPPORT OF HIS REQUEST THAT THIS HONORABLE COURT DISMISS THE INDICTMENT WITH PREJUDICE BASED ON THE OUTRAGEOUS MISCONDUCT COMMITTED BY THE GOVERNMENT AND ITS AGENTS DURING THE ARREST STAGE, THE INDICTMENT STAGE, AND AFTER THE SENTENCING STAGE.

PETITIONER, FISHER SHALL RELY ON THE PROCEDURAL HISTORY AS OUTLINED IN THE GOVERNMENT'S BRIEF FOR THE PURPOSE OF OUTLINING THE HISTORY AND STATEMENT OF THE FACTS LEADING UP TO THE FILING OF THIS HABEAS PETITION.

          RESPECTFULLY SUBMITTED,

          CORTEZ FISHER #41427-037

          F.C.I. FAIRTON - BOX 420

          FAIRTON, NEW JERSEY 08320

DATED: 2 -14 /2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


CORTEZ FISHER,                    CRIMINAL #JFM 07-0518

    PETITIONER,                   CIVIL    #JFM 10-0706

    VS.

UNITED STATES OF AMERICA

    RESPONDENT.


TRAVERSE

'LEGAL DISCUSSION'

PETITIONER, CORTEZ FISHER, PRO SE, SUBMITS THAT THE
RESPONDENTS BY WAY OF ANSWER TO HIS §2255 MOTION SEEKING
HABEAS CORPUS RELIEF HAVE MISAPPREHENDED THE EXACT RELIEF HE
SEEKS IN THIS MATTER. TO BEGIN WITH, THE GOVERNMENT ASSERTS
THAT FISHER'S ARGUMENT IS BASICALLY A "BRADY" ISSUE.
PETITIONER FISHER SUBMITS THAT SUCH ARGUMENT IS MISPLACED
BECAUSE FISHER ONLY RAISES THE BRADY ARGUMENT IN THE LAST
PORTION OF HIS LETTER MOTION DATED MARCH 15, 2010. (SEE
EXHIBIT - "A", "MOTION FOR DISMISSAL OF INDICTMENT". THIS
ISSUE WHILE WORTHY OF CONSIDERATION IS NOT THE PREDICATE
ARGUMENT UPON WHICH RELIEF IS BASED, BUT IS MERELY ONE OF THE
ISSUES WHICH STANDING ALONE OR USED IN A CUMULATIVE MATTER
WITH THE OTHER HEREIN MENTIONED ARGUMENTS AMOUNTS TO EGREGIOUS
MISCONDUCT BY THE GOVERNMENT. FISHER LASTLY, SUBMITS THAT THE
GOVERNMENT SEEKS TO RETURN PROPERTY TO FISHER WHICH WAS STOLEN
BY AGENT LUNSFORD, AN TO THIS END THE GOVERNMENT HAS INDICATED
IN SUCH ANSWER THAT FISHER MUST PRESENT THE GOVERNMENT WITH A
DETAILED LIST OF ITEMS WHICH WERE UNLAWFULLY CONVERTED BY TFO

LUNSFORD, SO THAT ANY PROPERTY IN THE GOVERNMENT'S POSSESSION
THAT CAN BE IDENTIFIED AS BELONGING TO FISHER WILL BE
RETURNED. ID. AT PAGE 7 & 8 OF GOVERNMENT'S ANSWER. FISHER
SUBMITS THAT NOT ONLY IS HE SEEKING THE RETURN OF HIS WATCH
AND OTHER PROPERTY STOLEN BY TFO LUNSFORD, BUT THAT PETITIONER
SEEKS A COPY OF THE LIST OF ITEMS SEIZED FROM TFO LUNSFORD'S
HOUSE AT THE TIME OF HIS ARREST IN ORDER TO PROVE THAT TFO
LUNSFORD ACTIONS IN REGARD TO CRIMINAL MISCONDUCT OCCURRED
PRIOR TO FISHER'S ARREST AND CONTINUED AFTER FISHER'S ARREST,
AND INVOLVED THE BURGLARY OF FISHER'S APARTMENT BY AGENT
LUNSFORD WHO RETURNED AND STOLE SUCH ITEMS AFTER THE ARREST
WARRANT WAS SERVED AND FISHER WAS ARRESTED. IN ORDER TO PROVE
THIS FISHER REQUESTS THAT THE GOVERNMENT TURN OVER SUCH LIST
OF PROPERTY SEIZED SO THAT FISHER MAY PERUSE SUCH FOR EVIDENCE
OF PERSONAL ITEMS STOLEN FROM HIM. DUE TO THE PASSAGE OF TIME
THAT SUCH EVENT OCCURRED ON THERE ARE CERTAIN ITEMS THAT
FISHER MAY NOT RECALL WITHOUT HAVING AN OPPORTUNITY TO REVIEW
THE LIST OF ITEMS SEIZED FROM TFO LUNSFORD'S HOUSE. FISHER HAS
SUBMITTED A COPY OF PICTURE'S TAKEN OF THE WATCH WHICH HE
ALLEGES TFO LUNSFORD UNLAWFULLY CONVERTED TO HIS PRIVATE USE.
SEE EXHIBIT - "B", "COLOR PHOTO OF WATCH STOLEN".

PETITIONER, FISHER, PRO SE, NOW SUBMITS THE FOLLOWING
LEGAL ARGUMENT IN RESPONSE TO THE GOVERNMENT'S ANSWER.

### LEGAL ARGUMENT

(A) COURT MUST EXERCISE SUPERVISORY POWER
    AND DISMISS INDICTMENT BASED ON
    EGREGIOUS GOVERNMENT MISCONDUCT
    IN THE TOTAL LEGAL PROCEEDINGS.

=======================================

THE UNITED STATES SUPREME COURT HAS RECOGNIZED THAT AN
INDICTMENT MAY BE QUASHED ON THE BASIS OF PROSECUTORIAL
MISCONDUCT, WHERE THE GOVERNMENT'S MISDEEDS "SUBSTANTIALLY
INFLUENCED THE GRAND JURY'S DECISION TO INDICT, ' OR IF THERE
IS 'GRAVE DOUBT' THAT THE DECISION TO INDICT WAS FREE FROM
SUBSTANTIAL INFLUENCE OF SUCH VIOLATIONS". BANK OF NOVA
SCOTIA, 487 U.S AT 256 (QUOTING MECHANIK, 475 U.S. AT 78).

GUIDED BY CONSIDERATIONS OF JUSTICE AND IN THE EXERCISE
OF SUPERVISORY POWERS, FEDERAL COURTS MAY, WITHIN LIMITS,
FORMULATE PROCEDURAL RULES NOT SPECIFICALLY REQUIRED BY THE
CONSTITUTION OR THE CONGRESS. MCNABB V. UNITED STATES, 87 L ED
819 (1943). THE PURPOSES UNDERLYING USE OF THE SUPERVISORY
POWERS ARE THREEFOLD: TO IMPLEMENT A REMEDY FOR VIOLATION OF
RECOGNIZED RIGHTS, MCNABB, SUPRA. AT 340; REA V. UNITED
STATES, 100 L. ED 233 (1956); TO PRESERVE JUDICIAL INTEGRITY
BY ENSURING THAT A CONVICTION RESTS ON APPROPRIATE
CONSIDERATIONS VALIDLY BEFORE THE JURY; ELKINS V. UNITED
STATES, 4 L. ED 2D 1669 (1960); AND FINALLY, AS A REMEDY
DESIGNED TO DETER ILLEGAL CONDUCT, UNITED STATES V. PAYNER, 65
L. ED 2D 468 (1980).

THE QUESTION THIS REVIEWING COURT MUST ASK IS THIS:
ABSENT THE CONSTITUTIONAL VIOLATIONS COMMITTED BY THE
GOVERNMENT AND ITS AGENT(S), IS IT CLEAR BEYOND A REASONABLE
DOUBT THAT THE GOVERNMENT WOULD HAVE BEEN ABLE TO SUSTAIN ITS
BURDEN OF ESTABLISHING PROBABLE CAUSE AND/OR GUILT? THIS COURT
MUST BEGIN WITH THE REALITY THAT AGENT LUNSFORD LIED TO A
STATE JUDGE BY SUBMITTING A FALSE AFFIDAVIT UNDER OATH WHICH
CONTAINED DELIBERATE MISSTATEMENTS AND FALSEHOODS
INTENTIONALLY FOR THE PURPOSE OF OBTAINING A WARRANT TO SEARCH

FISHER'S APARTMENT. THIS WAS A CLEAR VIOLATION OF FISHER'S
RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE BECAUSE
"PROBABLE CAUSE" DID NOT EXIST. SECOND, AGENT LUNSFORD
COMMITTED PERJURY TO A FEDERAL GRAND JURY WHEN HE
INTENTIONALLY TESTIFIED UNDER OATH TO THE FACTS IN HIS
WARRANT AFFIDAVIT AND POLICE REPORTS AS BEING TRUE. WHEN IN
FACT, HE PURPOSELY MISLED SUCH GRAND JURY WITH MISINFORMATION
WHICH WAS KNOWN BY TFO LUNSFORD TO BE UNTRUE. THIS MISCONDUCT
SIGNIFICANTLY INFRINGED ON THE FEDERAL GRAND JURY'S ABILITY TO
EXERCISE INDEPENDENT JUDGMENT. THIS MISCONDUCT HAS COMPROMISED
THE STRUCTURAL PROTECTIONS OF THE GRAND JURY AS TO RENDER THE
PROCEEDINGS FUNDAMENTALLY UNFAIR AND SO AS TO SEVERELY
PREJUDICE THE PETITIONER. AND, LASTLY, THE GOVERNMENT HAS
COMMITTED A "BRADY" VIOLATION BECAUSE THEY WERE ARMED WITH
SUCH EVIDENCE OF TFO LUNSFORD'S MISCONDUCT FOR OVER A YEAR AND
YET WITHHELD SUCH FROM PETITIONER FISHER IN AN ATTEMPT TO
ALLOW HIS TIME LIMITATIONS OF ONE YEAR TO FILE A §2255 HABEAS
CORPUS TO EXPIRE AND THUS, CAUSE A PROCEDURAL DEFAULT OF THE
ISSUES.
IT IS WORTH NOTING THAT HAD FISHER NOT FILED A §2255 HABEAS
CORPUS PETITION HE STILL WOULD NOT KNOW ABOUT TFO LUNSFORD'S
MISCONDUCT AND PROFFER STATEMENTS TO THE GOVERNMENT. THUS,
WILLFUL WITHHOLDING OF EVIDENCE UNDER "BRADY" IS CLEARLY
ESTABLISHED BY THE GOVERNMENT'S ACTION OR INACTION IN THIS
MATTER.

        PETITIONER HAS SHOWN THROUGH EVIDENCE AND ARGUMENTS
SUBMITTED HEREIN THAT RELIEF FROM THE ERRONEOUS INDICTMENT
SHOULD BE GRANTED BECAUSE DEFECTS SO FUNDAMENTAL HAVE CAUSED

THE GRAND JURY TO NO LONGER BE A GRAND JURY, AND THE
INDICTMENT TO NO LONGER BE AN INDICTMENT, WHICH GIVES RISE TO
THE CONSTITUTIONAL RIGHT TO NO LONGER BE TRIED. SEE - MIDLAND
ASPHALT CORP. V. UNITED STATES, 103 L. ED 2D 879 (1989). THE
GOVERNMENT ALSO COMMITTED A "FRANKS V. DELAWARE, 438 U.S. 154
(1971), VIOLATION WHEN TFO LUNSFORD COMMITTED MATERIAL PERJURY
AN RECKLESSNESS WHEN HE INTENTIONALLY MADE A FALSE STATEMENT
WITH RECKLESS DISREGARD FOR THE TRUTH IN HIS WARRANT
APPLICATION. SUCH FALSE INFORMATION WAS ESSENTIAL TO THE
PROBABLE CAUSE DETERMINATION, AND THAT WHEN  THE MATERIAL
WHICH IS THE SUBJECT OF THE ALLEGED FALSITY OR RECKLESS
DISREGARD IS SET TO ONE SIDE, THERE DOES NOT REMAIN SUFFICIENT
CONTENT IN THE WARRANT AFFIDAVIT TO SUPPORT A FINDING OF
PROBABLE CAUSE. "FRANKS" PROTECTS AGAINST OMISSIONS THAT ARE
DESIGNED TO MISLEAD, OR THAT ARE MADE IN RECKLESS DISREGARD OF
WHETHER THEY WOULD MISLEAD, THE MAGISTRATE. SEE UNITED STATES
V. REIVICH, 739 F.2D 957, 961 (8TH CIR. 1986)(PETITIONER
ENTITLED TO "FRANKS" RULING WHEN HE HAS SHOWN THAT THE
OMISSION IS THE PRODUCT OF A "DELIBERATE FALSEHOOD OR OF A
RECKLESS DISREGARD FOR THE TRUTH"). FRANKS, 438 U.S AT 171.
THE AFFIRMATIVE INCLUSION OF FALSE INFORMATION IN AN AFFIDAVIT
PRESENTS A QUESTION OF IMPERMISSIBLE OFFICIAL
CONDUCT.ESPECIALLY HERE, WHERE THE COURT POSSESSES EVIDENCE
THAT AGENT LUNSFORD HAD THE REQUISITE INTENT TO MISLEAD. WHEN

A STATE OR FEDERAL AGENT HAS VIOLATED THE  RULES GOVERNING
SEARCHES AND SEIZURES PRESCRIBED BY THIS COURT AND MADE
EFFECTIVE AFTER SUBMISSION TO CONGRESS, THE POWER OF THE
FEDERAL COURT EXTENDS TO POLICING THOSE REQUIREMENTS AND

MAKING CERTAIN THAT THEY ARE OBSERVED. FEDERAL COURTS SIT TO
ENFORCE FEDERAL LAW; AND FEDERAL LAW EXTENDS TO THE PROCESS
ISSUING FROM STATE COURTS ALSO. THE OBLIGATION OF A FEDERAL
AGENT IS TO OBEY THE RULES. THEY ARE DRAWN FOR THE INNOCENT
AND GUILTY ALIKE. THEY PRESCRIBE STANDARDS FOR LAW
ENFORCEMENT. THEY ARE DESIGNED TO PROTECT THE CITIZEN, UNLESS
THE STRICT STANDARDS SET FOR SUCH CONSTITUTIONAL IMPOSEMENT
ARE SATISFIED. THAT POLICY WOULD BE DEFEATED IF LAW
ENFORCEMENT CAN CIRCUMVENT THEM AND USE THE FRUITS OF SUCH
UNLAWFUL ACTS EITHER IN FEDERAL OR STATE PROCEEDINGS.

PETITIONER, CORTEZ FISHER, PRO SE, CONTENDS THAT THE
TOTALITY OF THE GOVERNMENT'S ACTIONS IN THIS MATTER RISES TO
THE LEVEL OF EGREGIOUS MISCONDUCT, AND THAT THIS IS A
SUFFICIENT FINDING ON WHICH THE COURT CAN EXERCISE ITS
SUPERVISORY POWER BASED UPON THE GOVERNMENT'S ACTIONS BEING SO
OUTRAGEOUS AS TO OFFEND THE SENSIBILITIES OF THE COURT.

PETITIONER FISHER SUBMITS THAT THE HARM IS OBVIOUS.
PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS UNDER THE
FOURTH AMENDMENT, THE FOURTEENTH AMENDMENT, AND THE FIFTH
AMENDMENT TO THE UNITED STATES CONSTITUTION. AS A RESULT OF
THAT DENIAL, PETITIONER WAS AND STILL IS UNLAWFULLY CONFINED
UNDER COLOR OF LAW. HERE THERE IS A PATTERN OF MISCONDUCT
WHICH IS SUFFICIENT WHEN JOINED WITH THE PREJUDICE TO THE
PETITIONER TO JUSTIFY DISMISSAL OF THE INDICTMENT.
NOTWITHSTANDING THAT THE REQUIREMENT FOR PREJUDICE IS
QUALIFIED IF THE MISCONDUCT IS PLAINLY IMPROPER, INDISPUTABLY
OUTRAGEOUS, AND NOT REDRESSABLE THROUGH THE  UTILIZATION OF
LESS DRASTIC DISCIPLINARY TOOLS. SEE, SANTANA, 6 F.3D AT 11
("PATTERN OF MISCONDUCT COULD BE SO ENTRENCHED AND PERVASIVE

THAT IT WOULD JUSTIFY DISMISSAL OF INDICTMENTS WITHOUT A
FINDINGS OF PREJUDICE TO DEFENDANTS"). THIS COURT MUST ORDER
PETITIONER'S RELEASE FROM CONFINEMENT IMMEDIATELY IN ORDER TO
REMEDY THE INJUSTICE WHICH IS READILY APPARENT ON ITS FACE.


                          LEGAL ARGUMENT
     (B) PETITIONER'S CONVICTION MUST BE REVERSED
         AND INDICTMENT DISMISSED BASED
         ON FALSE STATEMENTS IN WARRANT
         AFFIDAVIT.

        ====================================

     PETITIONER SUBMITS THAT THE INDICTMENT MUST BE DISMISSED
BASED ON AGENT LUNSFORD SUBMITTING FALSE STATEMENTS TO THE
STATE COURT JUDGE IN ORDER TO OBTAIN A WARRANT TO SEARCH HIS
APARTMENT. IN FRANKS, THE SUPREME COURT DETERMINED THAT A
CRIMINAL DEFENDANT HAS THE RIGHT TO CHALLENGE THE TRUTHFULNESS
OF FACTUAL STATEMENTS MADE IN AN AFFIDAVIT OF PROBABLE CAUSE
SUPPORTING A WARRANT SUBSEQUENT TO THE EX PARTE ISSUANCE OF
THE WARRANT. THERE, THE COURT CREATED A MECHANISM TO ALLOW A
DEFENDANT TO OVERCOME THE GENERAL PRESUMPTION THAT AN
AFFIDAVIT OF PROBABLE CAUSE SUPPORTING A SEARCH WARRANT IS
VALID. FIRST, THE DEFENDANT MUST MAKE A "SUBSTANTIAL
PRELIMINARY SHOWING" THAT THE AFFIDAVIT CONTAINED A FALSE
STATEMENT, WHICH WAS MADE KNOWINGLY OR WITH RECKLESS DISREGARD
FOR THE TRUTH, WHICH IS MATERIAL TO THE FINDING OF PROBABLE
CAUSE. ID AT 171. AT THE HEARING, THE DEFENDANT MUST
ULTIMATELY PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT: (1)
THAT THE AFFIANT KNOWINGLY AND DELIBERATELY, OR WITH A
RECKLESS DISREGARD FOR THE TRUTH, MADE FALSE STATEMENTS OR

OMISSIONS THAT CREATE A FALSEHOOD IN APPLYING FOR A WARRANT;
(2) THAT SUCH STATEMENTS OR OMISSIONS WERE MATERIAL, OR
NECESSARY, TO THE PROBABLE CAUSE DETERMINATION. IF THE
DEFENDANT IS ABLE TO ULTIMATELY MEETS THIS BURDEN, "THE FOURTH
AMENDMENT REQUIRES THAT ... THE FRUITS OF THE SEARCH [MUST BE]
EXCLUDED TO THE SAME EXTENT AS IF PROBABLE CAUSE WAS LACKING
ON THE FACE OF THE AFFIDAVIT". UNITED STATES V. FROST, 999
F.2D 737 (3D CIR. 1993). THE COURT HOLDINGS RESTS ON THE
PRINCIPLE THAT PROBABLE CAUSE UNDER THE FOURTH AMENDMENT MUST
BE DEMONSTRATED BY A "TRUTHFUL SHOWING", FRANKS, 438 U.S. AT
165,
BUT IT POINTED OUT IMMEDIATELY THAT A "TRUTHFUL SHOWING" MUST
BE UNDERSTOOD IN THE PRACTICAL CONTEXT OF PROCURING SEARCH
WARRANTS: BUT SURELY IT IS TO BE "TRUTHFUL" IN THE SENSE THAT
THE INFORMATION PUT FORTH  IS BELIEVED OR APPROPRIATELY
ACCEPTED BY THE AFFIANT AS TRUE .... BECAUSE IT IS THE
MAGISTRATE WHO MUST DETERMINE INDEPENDENTLY WHETHER THERE IS
PROBABLE CAUSE, IT WOULD BE AN UNTHINKABLE IMPOSITION UPON HIS
AUTHORITY IF A WARRANT AFFIDAVIT, REVEALED AFTER THE FACT TO
CONTAIN DELIBERATELY OR RECKLESSLY FALSE STATEMENTS, WERE TO
STAND BEYOND IMPEACHMENT.

PETITIONER FISHER FIRST SUBMITS THAT THE AFFIDAVIT
SUPPORTING THE SEARCH WARRANT CONTAINED PERJURED STATEMENTS
WHICH WERE INTENTIONALLY OR RECKLESSLY MADE BY AGENT LUNSFORD
TO MISLEAD THE JUDGE INTO FINDING PROBABLE CAUSE. THE
GOVERNMENT IN ITS ANSWER TO PETITIONER'S §2255 HABEAS CORPUS
HAS CONCEDED THAT AGENT LUNSFORD ADMITTED THAT HE LIED IN THE
STATE WARRANT AFFIDAVIT AS TO THE THE SOURCE OF THE
INFORMATION AND AS TO WHAT CONFIDENTIAL INFORMANT HE RECEIVED

SUCH INFORMATION ABOUT FISHER FROM. SEE GOVERNMENT'S ANSWER
PAGE 4, TOP PAGE. AGENT LUNSFORD ALSO ADMITTED DURING HIS
PROFFER SESSION ON OCTOBER 23, 2009, AGENT LUNSFORD STATED
THAT THE INFORMANT HE NAMED IN THE WARRANT AFFIDAVIT HAD NO
CONNECTION TO THE CASE. SEE EXHIBIT - "C". WHERE AN AFFIANT,
IN OBTAINING A SEARCH WARRANT, INCLUDED "A FALSE STATEMENT
KNOWINGLY AND INTENTIONALLY, OR WITH RECKLESS DISREGARD FOR
THE TRUTH", AND THE FALSE STATEMENT WAS NECESSARY TO THE
PROBABLE CAUSE FINDING, "THE WARRANT IS VOID AND THE FRUITS OF
THE SEARCH MUST BE SUPPRESSED". UNITED STATES V. GARY, 528
F.3D 324, 327 (4TH. CIR. 2008)(QUOTING FRANKS V. DELAWARE, 438
U.S. 154 (1978).

PETITIONER FISHER SUBMITS THAT AGENT LUNSFORD'S AFFIDAVIT
(SEE EXHIBIT - "D"), CONTAINS OUTRIGHT PERJURED STATEMENTS IN
WHICH HE SWORE UNDER OATH WERE TRUE AND LATER ADMITTED WERE
FALSE AND THAT HE INTENTIONALLY WITH DELIBERATE INTENT GAVE
SUCH STATEMENTS TO THE STATE JUDGE KNOWING SUCH TO BE FALSE,
AND WITH THE PURPOSE OF OBTAINING A WARRANT UNLAWFULLY TO
SEARCH FISHER'S APARTMENT. AGENT LUNSFORD WAS SUCCESSFUL IN
DOING SUCH. IN THE AFFIDAVIT WHICH AGENT LUNSFORD TYPED AND
SUBMITTED TO THE STATE COURT JUDGE HE CLEARLY STATES THAT HE
WAS CONTACTED BY A RELIABLE AND CONFIDENTIAL SOURCE OF
INFORMATION (EMPHASIS), THAT IS REGISTERED WITH THE BALTIMORE
CITY POLICE DEPARTMENT UNDER CONTROL #2091, AND THAT SUCH
"CSI" HAD ADVISED HIM THAT HE HAD "IN DEPTH" KNOWLEDGE OF A
LARGE SCALE NARCOTIC DISTRIBUTOR THAT THE INFORMANT KNOWS AS
CORTEZ FISHER. AND THAT CORTEZ FISHER WAS STORING AND SELLING
LARGE AMOUNT OF NARCOTICS AND A HANDGUN IN A SECOND FLOOR
APARTMENT. SEE EXHIBIT - "D", "STATE AFFIDAVIT FOR SEARCH

WARRANT" FIRST PAGE. THAT INFORMATION WAS FALSE AND AGENT
LUNSFORD KNEW AT THE TIME THAT HE SUBMITTED SUCH WARRANT
AFFIDAVIT THAT HE WAS COMMITTING PERJURY UNDER OATH. THE
ENTIRE AFFIDAVIT IS WRITTEN BASED ON SUPPORTING INFORMATION
GIVEN BY A "GHOST" CONFIDENTIAL INFORMANT BECAUSE AS AGENT
LUNSFORD HAS ADMITTED, THE INFORMANT MENTIONED IN THE
AFFIDAVIT NEVER PROVIDED ANY INFORMATION ON PETITIONER FISHER.
AGENT LUNSFORD GOES FURTHER IN THE AFFIDAVIT ON THE SECOND
PAGE BY STATING THAT BASED ON THE RELIABLE INFORMATION
PROVIDED TO HIM BY THE INFORMANT THAT AGENT LUNSFORD WAS ABLE
TO OBTAIN A PICTURE OF CORTEZ FISHER, IN WHICH SUCH PICTURE
WAS THEN SHOWN TO THE INFORMANT WHO IN TURN VERIFIED THAT THE
PICTURE WAS CORTEZ FISHER, THE INDIVIDUAL THAT THE INFORMANT
KNOWS TO BE A LARGE SCALE NARCOTICS DISTRIBUTOR. SEE EXHIBIT -
"D", AT PAGE 2.
AGENT LUNSFORD LATER ADMITTED THAT HE LIED WHEN HE STATED SUCH
IN HIS WARRANT AFFIDAVIT TO THE STATE JUDGE. SEE EXHIBIT -
"C".

    PETITIONER ASKS THIS COURT TO DISMISS THIS INDICTMENT
BASED ON THE FACT THAT ONCE THE INFORMANT'S ALLEGED SOURCE OF
INFORMATION IS REMOVED FROM THE AFFIDAVIT THE VERACITY OF THE
RELIABILITY OF THE INFORMATION LEFT OVER DOES NOT SUPPORT THAT
PROBABLE CAUSE EXISTED. IT IS WITHOUT QUESTION THAT THIS COURT
CAN NO LONGER ACCEPT THE TESTIMONY OF AGENT LUNSFORD NOW OR
LOOKING IN HINDSIGHT THEN, BECAUSE AGENT LUNSFORD HAS ADMITTED
THAT HE COMMITTED PERJURY, THERE IS NO BASIS TO BELIEVE ANY
TESTIMONY THAT HE MAY LATER PRESENT. AS A MATTER OF FACT,
AGENT LUNSFORD AND THE GOVERNMENT ATTRIBUTE THE INFORMATION HE
GAVE IN THE WARRANT AFFIDAVIT TO A SECOND CONFIDENTIAL SOURCE

OF AGENT LUNSFORD, BUT NEITHER THE UNITED STATES ATTORNEY OR
AGENT LUNSFORD HAVE IDENTIFIED THAT CONFIDENTIAL SOURCE AND
INDICATED THEIR RELIABILITY OR PROOF THAT SUCH SOURCE COULD
HAVE HAD PERSONAL KNOWLEDGE PERTAINING TO THE EVENTS AS
INDICATED IN THE DEFECTIVE AFFIDAVIT GIVEN BY AGENT LUNSFORD.
THIS COURT IS NO MORE THE WISER THAN IT WAS WHEN AGENT
LUNSFORD GAVE A PROFFER STATING THAT IT WAS A SECOND
INFORMANT, NOT THE FIRST INFORMANT THAT HE STATED ON THE
WARRANT AFFIDAVIT. THERE IS SIMPLY NO WAY THAT WE CAN BE
CERTAIN THAT AGENT LUNSFORD IS NOT GIVING FALSE TESTIMONY
AGAIN IN ORDER TO OBTAIN THE PLEA AGREEMENT HE ENTERED INTO
WITH THE GOVERNMENT TO REVEAL HIS MISDEEDS. PETITIONER SUBMITS
THAT IF THE WARRANT AFFIDAVIT WAS DEFECTIVE AND CONDUCTED
ILLEGALLY, THE FACTS DERIVED FROM IT WOULD HAVE TO BE STRICKEN
FROM THE AFFIDAVIT. SEE UNITED STATES V. KARO, 82 L. ED 2D 530
(1984)(INFORMATION OBTAINED IN VIOLATION OF THE FOURTH
AMENDMENT WOULD INVALIDATE SEARCH WARRANT IF IT PROVED
CRITICAL TO ESTABLISHING PROBABLE CAUSE); UNITED STATES V.
GILLENWATERS, 890 F.2D 679 (4TH. CIR. 1989)(INFORMATION
ILLEGALLY OBTAINED MUST BE EXCISED FROM WARRANT AFFIDAVIT).
WITHOUT THE FACTS DRAWN FROM THE "GHOST" CONFIDENTIAL SOURCE,
THE REMAINING CONTENTS OF THE AFFIDAVIT AND INVESTIGATION
WOULD HAVE NOT SUPPORTED A FINDING OF PROBABLE CAUSE BECAUSE
SUCH PROVIDED NO DETAILS ABOUT THE APARTMENT THAT FISHER LIVED
IN OR THE ACTIVITIES IN OR AROUND SUCH APARTMENT, NOR THE
SOURCE OR CONTEXT OF THIS INFORMATION, AND STANDING ALONE, THE
SURVIVING INFORMATION SURELY WAS NOT SUFFICIENT FOR A JUDGE TO
EXERCISE HIS INDEPENDENT JUDGMENT ON ISSUING A SEARCH WARRANT.
SEE ILLINOIS V. GATES, 76 L. ED 2D 527 (1983); UNITED STATES

V. WILHELM, 80 F.3D 116, 119 (4TH. CIR. 1996). IF A FRANKS

HEARING WOULD HAVE BEEN APPROPRIATE HAD PETITIONER KNEW ABOUT

AGENT LUNSFORD FALSE STATEMENTS IN HIS WARRANT AFFIDAVIT, AN

THE AFFIANT'S MATERIAL PERJURY OR RECKLESSNESS IS ESTABLISHED

BY A PREPONDERANCE OF THE EVIDENCE, THE WARRANT WOULD HAVE

BEEN "VOIDED" AND ALL EVIDENCE OR TESTIMONY GATHERED PURSUANT

TO IT WOULD HAVE BEEN EXCLUDED. ID AT 156. A WARRANT THAT

VIOLATES FRANKS IS NOT SUBJECT TO THE GOOD-FAITH EXCEPTION TO

THE EXCLUSIONARY RULE ANNOUNCED IN UNITED STATES V. LEON, 82

L. ED 2D 677 (1984). WHERE THE FALSE STATEMENTS WERE

INTENTIONAL, THERE HAS BEEN A MISCARRIAGE OF JUSTICE, BECAUSE

THE OUTCOME OF THE JUDGE'S PROBABLE CAUSE DETERMINATION HAS

BEEN AFFECTED UNKNOWINGLY THROUGH THE RECKLESS DISREGARD FOR

THE TRUTH SUBMITTED UNDER OATH IN THE AFFIDAVIT. AGENT

LUNSFORD INTENDED THE FALSE STATEMENT TO MISLEAD THE JUDGE SO

THAT A WARRANT WOULD ISSUE TO SEARCH UNLAWFULLY PETITIONER'S

APARTMENT.

PETITIONER ASKS THAT THIS COURT TAKE JUDICIAL NOTICE OF THE

FACT THAT THE GOVERNMENT AND AGENT LUNSFORD HAVE UNLAWFULLY

OBTAINED HIS CONVICTION AND THE INTEREST OF JUSTICE AND

FUNDAMENTAL FAIRNESS DICTATE THAT THE COURT EXERCISE ITS

SUPERVISORY POWERS TO DISMISS THIS INDICTMENT.

LEGAL ARGUMENT

(C)  PETITIONER CAN ASSERT BRADY CLAIM

     AFTER GUILTY PLEA BASED ON

     PLEA NOT BEING VOLUNTARILY

     AND INTELLIGENTLY ENTERED IN

     VIOLATION OF DUE PROCESS.

     =================================

     A DEFENDANT WHO PLEADS GUILTY GENERALLY CANNOT LATER
RAISE INDEPENDENT CLAIMS OF CONSTITUTIONAL VIOLATIONS. SEE -
TOLLETT V. HENDERSON, 36 L. ED 2D 235 (1973). THREE CIRCUITS
HAVE RULED THAT THERE IS AN EXCEPTION, AND HAVE HELD THAT A
DEFENDANT CAN ARGUE THAT HIS GUILTY PLEA WAS NOT VOLUNTARY AND
INTELLIGENT BECAUSE IT WAS MADE IN THE ABSENCE OF WITHHELD
BRADY MATERIAL. SEE - WHITE V. UNITED STATES, 858 F.2D 416,
422 (8TH. CIR. 1988), CERT. DENIED, 103 L. ED 2D 221 (1989);
MILLER V. ANGLIKER, 848 F.2D 1312, 1319-20 (2D CIR..), CERT.
DENIED, 102 L.ED 2D 214 (1988); CAMPBELL V. MARSHALL, 769 F.2D
314, 321 (6TH. CIR. 1985), CERT. DENIED, 475 U.S. 1048
(1986).

     THIS EXCEPTION TO THE GENERAL BAR ON CONSTITUTIONAL
CLAIMS IS SENSIBLE, BECAUSE "A DEFENDANT'S DECISION WHETHER OR
NOT TO PLEAD GUILTY IS OFTEN HEAVILY INFLUENCED BY HIS
APPRAISAL OF THE PROSECUTION'S CASE". MILLER, 848 F.2D AT
1320. A WAIVER CANNOT BE DEEMED "INTELLIGENT AND VOLUNTARY" IF
ENTERED WITHOUT KNOWLEDGE OF MATERIAL INFORMATION WITHHELD BY
THE PROSECUTION". ID. MOREOVER, IF A DEFENDANT MAY NOT RAISE A
BRADY CLAIM AFTER A GUILTY PLEA, PROSECUTORS MAY BE TEMPTED TO
DELIBERATELY WITHHOLD EXCULPATORY INFORMATION AS PART OF AN
ATTEMPT TO ELICIT GUILTY PLEAS. THEREFORE, DEFENDANT MUST BE

ALLOWED TO ASSERT A BRADY CLAIM WHEN CHALLENGING THE
VOLUNTARINESS OF A GUILTY PLEA. SECOND, THE BRADY VIOLATION
ISSUE MUST BE ADDRESSED BECAUSE THE INFORMATION ABOUT AGENT
LUNSFORD WOULD HAVE BEEN "MATERIAL" TO FISHER'S DECISION TO
PLEAD GUILTY. FAILURE TO DISCLOSE INFORMATION CONSTITUTES A
BRADY VIOLATION IF THE INFORMATION IS "MATERIAL" TO THE
DEFENSE. UNITED STATES V. SHAFFER, 789 F.2D 682 (9TH CIR.
1986).

ALTHOUGH THE USUAL STANDARD OF MATERIALITY IS WHETHER THE
FAILURE TO DISCLOSE THE EVIDENCE "UNDERMINES" CONFIDENCE IN
THE OUTCOME OF THE TRIAL", UNITED STATES V. BAGLEY, 87 L.ED
2D 481 (1985); THE ISSUE IN A CASE INVOLVING A GUILTY PLEA IS
WHETHER THERE IS A REASONABLE PROBABILITY THAT BUT FOR THE
FAILURE TO DISCLOSE THE BRADY MATERIAL, THE DEFENDANT WOULD
HAVE REFUSED TO PLEAD AND WOULD HAVE GONE TO TRIAL. MILLER,
848 F.2D AT 1322; CF. WHITE, 858 F.2D AT 424 (APPLYING THE
STANDARD OF WHETHER UNDISCLOSED MATERIAL "WOULD HAVE BEEN
CONTROLLING IN THE DECISION WHETHER TO PLEAD") (QUOTING
CAMPBELL, 769 F.2D AT 324). SEE - NAPUE V. ILLINOIS, 3 L.ED 2D
(1959)("EVIDENCE IS "MATERIAL" IF THERE IS A REASONABLE
PROBABILITY THAT IT WILL AFFECT THE RESULT OF THE
PROCEEDING).

IN THIS CASE, AGENT LUNSFORD SUBMITTED A FALSE AFFIDAVIT
TO THE COURT TO OBTAIN A WARRANT TO SEARCH DEFENDANT'S
RESIDENT. DEFENDANT FISHER SUBMITS THAT HAD HE KNOWN ABOUT
THIS PRIOR TO HIS ENTRY OF HIS GUILTY PLEA THAT HE WOULD HAVE
GONE TO TRIAL BASED ON THE FACT THAT HE WAS INNOCENT OF THE
CHARGED OFFENSE.

PETITIONER SUBMITS THAT HE DID NOT COME INTO POSSESSION

OF THIS INFORMATION UNTIL JUNE 17, 2010, WHEN THE GOVERNMENT
IN ITS RESPONSE TO HIS §2255 HABEAS CORPUS PETITION SUBMITTED
DOCUMENTATION THAT AGENT LUNSFORD HAD ADMITTED TO THE
GOVERNMENT IN OCTOBER OF 2009, THAT HE DELIBERATELY FALSIFIED
THE WARRANT AFFIDAVIT IN RECKLESS DISREGARD FOR THE TRUTH FOR
THE PURPOSE OF OBTAINING A WARRANT TO SEARCH PETITIONER'S
RESIDENCE. SEE - EXHIBIT - "C". UNDISCLOSED EVIDENCE IS
MATERIAL WHEN ITS CUMULATIVE EFFECT IS SUCH THAT" THERE IS A
REASONABLE PROBABILITY THAT, HAD THE EVIDENCE BEEN DISCLOSED
TO THE DEFENSE, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN
DIFFERENT". KYLES V. WHITLEY, 131 L. ED 2D 490 (1995).
"EVIDENCE SHOULD BE DISCLOSED BEFORE IT IS TOO LATE FOR THE
DEFENDANT TO MAKE EFFECTIVE USE OF IT, AND THEREBY CAUSE A DUE
PROCESS VIOLATION". UNITED STATES V. RUSSELL, 971 F. 2D 1098,
1112 (4TH. CIR. 1992). HERE THE GOVERNMENT WITHHELD FROM
PETITIONER THE FACT THAT AGENT LUNSFORD HAD GAVE A STATEMENT
IN HIS §302 PROFFER WHICH DISCUSSED THAT HE GAVE A FALSE
AFFIDAVIT CONTAINING FALSE STATEMENTS TO A JUDGE IN ORDER TO
OBTAIN PERMISSION TO SEARCH PETITIONER'S HOUSE. HAD PETITIONER
NOT FILED A §2255 HABEAS CORPUS THIS EVIDENCE WOULD HAVE STILL
BEEN CONCEALED BY THE GOVERNMENT. BY THE TIME THIS EVIDENCE
WAS REVEALED TO PETITIONER MORE THAN NINE MONTHS HAD WENT BY
SINCE THE GOVERNMENT HAD OBTAINED SUCH WRITTEN STATEMENT FROM
    AGENT LUNSFORD, AND HAD PETITIONER NOT FILED A §2255
HABEAS CORPUS THE GOVERNMENT HAD NO INTENTION OF TURNING SUCH
INFORMATION OVER TO THE PETITIONER. THE GOVERNMENT'S FAILURE
TO DISCLOSE "EVIDENCE" FAVORABLE TO AN ACCUSED VIOLATES DUE
PROCESS WHERE THE EVIDENCE IS MATERIAL EITHER TO GUILT OR TO
PUNISHMENT, IRRESPECTIVE OF THE GOOD FAITH OR BAD FAITH OF THE

OF THE PROSECUTION". KYLES V. WHITLEY, 131 L.ED 2D 490 (1995);

HOKE V. NETHERLAND, 92 F.3D 1350, 1356 (4TH. CIR. 1996).

EVIDENCE THAT CAN BE USED TO IMPEACH A WITNESS IS

UNQUESTIONABLY SUBJECT TO DISCLOSURE UNDER BRADY. SEE -

STRICKLER, 119 S.CT. AT 1948 (EXPLAINING THAT "THE DUTY

[IMPOSED BY BRADY] ENCOMPASSES IMPEACHMENT EVIDENCE); BAGLEY,

473 U.S. AT 676 (HOLDING THAT IMPEACHMENT EVIDENCE "FALLS

WITHIN THE BRADY RULE"). THE GOVERNMENT'S CONCLUSION IS

CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW TO THE EXTENT

THAT IT FAILS TO RECOGNIZE UNEQUIVOCALLY THAT IMPEACHMENT

EVIDENCE FALLS WITHIN THE PARAMETERS OF BRADY AND THEREFORE,

MUST BE DISCLOSED IF MATERIAL. FOR PURPOSES OF DETERMINING

WHETHER EVIDENCE IS FAVORABLE TO THE DEFENDANT, IT IS THE

CONTENT OF THE STATEMENT, NOT THE MODE OF COMMUNICATION TO THE

GOVERNMENT THAT IS IMPORTANT. THE PROSECUTOR IS RESPONSIBLE

FOR "ANY FAVORABLE EVIDENCE KNOWN TO THE OTHERS ACTING ON THE

GOVERNMENT'S BEHALF IN THE CASE, INCLUDING THE POLICE". KYLES

V. WHITLEY, 131 L. ED 2D 490 (1995). THUS, THE UNITED STATES

GOVERNMENT, THROUGH AGENT LUNSFORD, IS CHARGED WITH KNOWLEDGE

OF THE WITHHELD EVIDENCE FOR PURPOSES OF BRADY, 10 L.ED 2D 215

(1963). THE UNITED STATES SUPREME COURT HAS ESTABLISHED THAT

THE BRADY DISCLOSURE OBLIGATION DOES NOT END WITH THE

PROSECUTOR'S OWN PERSONAL KNOWLEDGE, SEE KYLES V. WHITLEY,

SUPRA.. RELYING ON EARLIER SUPREME COURT PRECEDENTS WHICH HELD

THAT DUE PROCESS IS NOT SATISFIED IF A DEFENDANT'S CONVICTION

IS SECURED AND LIBERTY IS DEPRIVED "THROUGH A DELIBERATE

DECEPTION OF THE COURT AND JURY", THE SUPREME COURT IN BRADY

EXTENDED THOSE PRINCIPLES TO HOLD THAT DUE PROCESS IS LIKEWISE

VIOLATED WHEN A PROSECUTOR -- WHETHER IN GOOD FAITH OR BAD

FAITH -- WITHHOLDS MATERIAL EVIDENCE FAVORABLE TO THE ACCUSED.
THE GOVERNMENT NOW SUBMITS THAT IT DID NOT KNOW OF THE
CRIMINAL ACTIVITIES BY AGENT LUNSFORD UNTIL SOMETIME IN 2009,
ASSUMING ARGUENDO THAT SUCH IS TRUE, THE GOVERNMENT STILL DID
NOT TURN OVER SUCH EVIDENCE TO PETITIONER FISHER ONCE IT CAME
INTO POSSESSION OF INFORMATION THAT POLICE MISCONDUCT HAD
INFECTED HIS CRIMINAL PROCESS. THE FEDERAL INVESTIGATION OF
AGENT LUNSFORD BEGAN PRIOR TO PETITIONER'S GUILTY PLEA AND
SENTENCE AND CONTINUED APPROXIMATELY TEN TO FOURTEEN MONTHS
AFTER PETITIONER FISHER WAS SENTENCED. THAT NEITHER THE UNITED
STATES ATTORNEY HIMSELF NOR ANYONE IN HIS OFFICE KNEW OF AGENT
LUNSFORD'S ILLEGAL ACTIVITY DOES NOT END THE INQUIRY. BRADY
APPLIES TO EXCULPATORY AND IMPEACHMENT INFORMATION THAT IS IN
THE POSSESSION OF THE "PROSECUTION TEAM," WHICH INCLUDES
INVESTIGATORS AND THE POLICE. THUS, AGENT LUNSFORD AS THE LEAD
TFO OFFICER IN FISHER'S CASE AND THE KEY OFFICER IN CHARGE OF
THE CASE, WAS INDISPUTABLY A MEMBER OF THE PROSECUTION TEAM
AND HIS KNOWLEDGE OF HIS OWN CRIMINAL CONDUCT IS THEREFORE
PROPERLY IMPUTED TO THE PROSECUTION TEAM. THE QUESTION IS ...
WHEN BRADY REQUIRES THE PROSECUTION TO "OBTAIN AND TURN OVER
... FAVORABLE EVIDENCE KNOWN TO A POLICE OFFICER WHO
INVESTIGATED THE CASE, IS IT REALLY EXPECTED THAT SUCH A RULE
WOULD APPLY TO THE CRIMINAL WRONGDOING OF THE POLICE OFFICER
HIMSELF? INDEED, SEVERAL COURTS WHICH HAVE EXAMINED THIS ISSUE
HAVE ULTIMATELY DETERMINED THAT EVIDENCE OF AN OFFICER'S
CRIMINAL ACTIVITY, KNOWN EXCLUSIVELY TO THE OFFICER HIMSELF
MUST BE IMPUTED TO THE GOVERNMENT. ESPECIALLY, HERE WHERE
AGENT LUNSFORD WAS A KEY MEMBER OF THE PROSECUTION TEAM WHOSE
INFORMATION AND TESTIMONY WAS VITAL TO SECURE A CONVICTION

AGAINST FISHER. BASED ON SUCH FACTS, AGENT LUNSFORD'S
KNOWLEDGE OF EXCULPATORY OR IMPEACHMENT EVIDENCE IS PROPERLY
IMPUTED TO THE PROSECUTION BECAUSE "WHEN AN INVESTIGATING
POLICE OFFICER WILLFULLY AND INTENTIONALLY CONCEALS MATERIAL
INFORMATION, REGARDLESS OF ... THE  OTHERWISE PROPER CONDUCT
OF THE UNITED STATES ATTORNEY, THE POLICEMAN'S CONDUCT MUST BE
IMPUTED TO THE STATE AS PART OF THE PROSECUTION TEAM". SEE -
FREEMAN V. GEORGIA, 599 F.2D 65, 69 (5TH CIR. 1979). THIS IS
SO BECAUSE "[T]HE POLICE ARE PART OF THE PROSECUTION, AND THE
TAINT {THEREFORE} IS NO LESS IF THEY, RATHER THAN THE UNITED
STATES ATTORNEY, WERE GUILTY OF THE NONDISCLOSURE". IN OTHER
WORDS, THE DUTY TO DISCLOSE IS THAT OF THE GOVERNMENT, WHICH
ORDINARILY ACTS THROUGH THE UNITED STATES ATTORNEY; BUT IF HE
TOO IS THE VICTIM OF POLICE SUPPRESSION OF MATERIAL
INFORMATION, THE GOVERNMENT'S FAILURE IS NOT ON THAT ACCOUNT
EXCUSED. ON THESE SPECIFIC FACTS, AGENT LUNSFORD'S KNOWLEDGE
OF HIS OWN CRIMINAL CONDUCT, CONSTITUTING EVIDENCE THAT WOULD
HAVE BEEN FAVORABLE TO THE DEFENSE, DEMONSTRATES THAT THE
PROSECUTION BOTH "POSSESSED" FAVORABLE EVIDENCE, IN
SATISFACTION OF BRADY'S FIRST PRONG, AND "SUPPRESSED"
EXCULPATORY OR IMPEACHMENT EVIDENCE, IN SATISFACTION OF
BRADY'S THIRD PRONG. PETITIONER FISHER, WITH RESPECT TO
BRADY'S FOURTH PRONG, HAS DEMONSTRATED THAT THE SUPPRESSED
EVIDENCE WAS MATERIAL SO AS TO ESTABLISH PREJUDICE. SEE
NEWTON, 44 F.3D AT 918. IMPEACHMENT EVIDENCE IS MATERIAL FOR
THE PURPOSE OF BRADY "IF THERE IS A REASONABLE PROBABILITY
THAT, HAD THE EVIDENCE BEEN DISCLOSED TO THE DEFENSE, THE
RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT". BAGLEY,
473 U.S. 667 (1985). THUS, FISHER HAS SHOWN AND DEMONSTRATED A

BRADY VIOLATION BY SHOWING THAT THE FAVORABLE EVIDENCE COULD
REASONABLY BE TAKEN TO PUT THE WHOLE CASE IN SUCH A DIFFERENT
LIGHT AS TO UNDERMINE CONFIDENCE IN THE VERDICT. KYLES, 514
U.S. AT 434, 435. THIS DISTRICT COURT MUST FIND THAT A BRADY
VIOLATION IS PRESENTABLE IN THIS MATTER BECAUSE THE GOVERNMENT
THROUGH AN AGENT ON ITS "PROSECUTION TEAM" VIOLATED FISHER'S
DUE PROCESS RIGHTS BY WITHHOLDING EVIDENCE WHICH WAS MATERIAL
TO FISHER'S DECISION TO ENTER A GUILTY PLEA. THE UNITED STATES
ATTORNEY HAS GREAT POWER AND AUTHORITY OVER AN INDICTMENT.
WITH THAT GREAT POWER AND AUTHORITY COMES A CORRELATIVE DUTY,
AND THAT IS NOT TO PERMIT A INNOCENT PERSON TO STAND CONVICTED
WHEN HE KNOWS THAT SUCH CONVICTION RESTS UPON PERJURED
TESTIMONY AND SERIOUS MISCONDUCT BY LAW ENFORCEMENT OFFICIALS
THAT HAS CREATED A MISCARRIAGE OF JUSTICE IN THE LEGAL
PROCEEDINGS. THE UNITED STATES ATTORNEY HAS A DUTY TO NOTIFY
THE COURT AND TO CORRECT THE INJUSTICE THAT HAS BECOME
APPARENT TO HIM. THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT
IS VIOLATED WHEN A DEFENDANT IS FORCED TO STAND CONVICTED ON
CHARGES WHICH THE GOVERNMENT KNOWS IS PARTIALLY OR FULLY BASED
ON PERJURED TESTIMONY, AND THAT PERJURED TESTIMONY IS
MATERIAL. IN THIS MATTER, PETITIONER FISHER HAS MADE A
PLAUSIBLE SHOWING THAT THE EVIDENCE WOULD BE BOTH MATERIAL AND
FAVORABLE, AND THEREFORE THIS DISTRICT COURT MUST HOLD AN
EVIDENTIARY HEARING TO DETERMINE WHETHER THE WITHHELD EVIDENCE
COULD HAVE PUT THE CASE IN SUCH A DIFFERENT LIGHT AS TO
UNDERMINE CONFIDENCE IN THE OUTCOME.

CONCLUSION

IN RESOLVING THE OBVIOUS, THIS COURT MUST TAKE JUDICIAL
NOTICE OF THE FACT THAT SUPERVISORY POWERS MAY BE INVOKED IN A

MYRIAD OF SITUATIONS BASED ON THE PECULIAR CIRCUMSTANCES
PRESENTED. IT SHOULD BE EXERCISED SPARINGLY AND ONLY ON A
SHOWING OF DEMONSTRATED PROSECUTORIAL MISCONDUCT. SPARING USE,
OF COURSE, DOES NOT MEAN NO USE. EVEN "DISFAVORED REMEDIES",
UNITED STATES V. ROGERS, 751 F.2D AT 1076-77, MUST BE USED IN
CERTAIN SITUATIONS. EXERCISING THE INHERENT AUTHORITY IS MOST
APPROPRIATE IN PARTICULAR FACT SITUATIONS THAT DO NOT LEND
THEMSELVES TO RULES OF GENERAL APPLICATION. UNITED STATES V.
HARRISON, 716 F.2D 1050, 1053 N.1 (4TH. CIR. 1983); WISSLER V.
UNITED STATES, 80 L.ED 2D 819 (1984). A COMMON THREAD
UNDERLYING MANY DECISIONS IS THAT THE MAGNITUDE OF THE
MISCONDUCT AFFECTS THE USE OF THE SUPERVISORY POWER, WHETHER
OR NOT ACTUAL PREJUDICE IS SHOWN. SEE UNITED STATES V. SERUBO,
604 F.2D AT 818 (PROSECUTORIAL CONDUCT EXTREME; GRAPHIC AND
MISLEADING); UNITED STATES V. HOGAN, 712 F.2D 757 (2D CIR.
1983)(MISCONDUCT FLAGRANT). IN DETERMINING THE PROPER REMEDY
PURSUANT TO THE SUPERVISORY POWERS, THE RELIEF CHOSEN SHOULD
BE DIRECTLY RELATED TO THE SERIOUSNESS OF THE MISCONDUCT.
UNITED STATE V. BANKS, 383 F. SUPP. AT 392. REPEATED INSTANCES
OF DELIBERATE AND FLAGRANT MISCONDUCT JUSTIFY DISMISSAL OF THE
INDICTMENT. SEE - UNITED STATES V. HOGAN, 712 F.2D AT 761.

PETITIONER SUBMITS THAT IN A CASE SUCH AS THIS WHERE THE
GOVERNMENT COMMITTED REPEATED MISCONDUCT AT THE ARREST STAGE
(BURGLARY,THEFT,PLANTING EVIDENCE,PROVIDING FALSE EVIDENCE AND
STATEMENTS TO STATE JUDGE TO OBTAIN WARRANT), AT THE PRE-
INDICTMENT STAGE (LYING TO A FEDERAL GRAND JURY), AT THE
DISCOVERY STAGE (WITHHOLDING EVIDENCE), AND AFTER THE
SENTENCING (SUPPRESSING AGENT LUNSFORD'S PROFFER STATEMENT),
THAT SUCH SUPERVISORY POWERS MUST BE EXERCISED NOT TO ONLY

VINDICATE FISHER'S RIGHTS, BUT TO PRESERVE THE INTEGRITY OF
THE JUDICIAL SYSTEM. UNITED STATES V. LESLIE, 759 F.2D AT 372.
THE COURT HAS PARTICULARLY STRESSED THE NEED TO USE THE
SUPERVISORY POWER TO PREVENT THE FEDERAL COURTS FROM BECOMING
ACCOMPLICES TO SUCH MISCONDUCT. SEE - UNITED STATES V. PAYNER,
447 U.S. AT 744. UTILIZATION OF THE SUPERVISORY POWERS REMAINS
A HARSH ULTIMATE SANCTION, BUT MUST BE USED FOR "CONDUCT THAT
SHOCKS THE CONSCIENCE". SEE - ROCHIN V. CALIFORNIA, 96 L.ED
183 (1952). THE MISCONDUCT HERE IS AS EXTREME AS ANY FOUND IN
THE REPORTED DECISIONS REVIEWED BY THIS COURT. PETITIONER AND
THE COURT CLEARLY SUFFERED PREJUDICE FROM THE MISCONDUCT. IN
LIGHT OF ALL THE EVIDENCE PRESENTED HERE AND THAT MAY BE
PRESENTED AT A FUTURE EVIDENTIARY HEARING BEFORE THIS COURT,
IT IS CLEAR THAT THIS CASE RISES TO THE HIGH THRESHOLD IMPOSED
FOR INVOCATION OF THE SUPERVISORY POWER. THIS COURT MUST
CONDEMN THE MANNER IN WHICH THE GOVERNMENT OBTAINED THIS
CONVICTION, AND CANNOT NOW STAND IDLY
BY, IMPLICITLY JOINING THE FEDERAL GOVERNMENT (U.S. ATTORNEY'S
OFFICE) INTO SUCH UNBECOMING CONDUCT. IT IS SIMPLY WRONG FOR
THE GOVERNMENT TO ACT AS THEY HAVE DONE HERE. THIS TYPE OF
CONDUCT CANNOT AND MUST NOT BE CONDONED; IN FACT. IT MUST BE
STRONGLY CONDEMNED. THE GOVERNMENT HAS CONCEDED THAT AGENT
LUNSFORD HAS COMMITTED PERJURY TO A STATE COURT JUDGE; AND
THAT AGENT LUNSFORD HAS LIED TO A FEDERAL GRAND JURY; AND THAT
IN ACTUALITY NO INFORMANT EXISTED WHO GAVE INFORMATION THAT
MAY BE TESTED FOR ITS VERACITY OR RELIABILITY. IN FACT, THE
GOVERNMENT STATES THAT AGENT LUNSFORD ADMITTED THAT HE
RECEIVED THE INFORMATION FROM A SECOND INFORMANT. THAT
INFORMANT HAS YET TO BE IDENTIFIED AS EXISTING OR BEING

RELIABLE. IT COULD BE THAT THE SECOND INFORMANT THAT AGENT LUNSFORD AND THE GOVERNMENT ALLUDES TO MAY BE THE SAME INFORMANT THAT GAVE THE GOVERNMENT INFORMATION ABOUT AGENT LUNSFORD'S CRIMINAL ACTIVITY. IF THIS IS SO, THE GOVERNMENT HAS CLEARLY STATED ON COURT DOCUMENTS THAT SUCH INFORMANT WAS "UNRELIABLE" BASED ON HIS "INABILITY TO FOLLOW INSTRUCTIONS AND CANDOR ISSUES". THE F.B.I. DROPPED HIM AS AN INFORMANT. CLEARLY, IF THIS IS THE SECOND INFORMANT THAT AGENT LUNSFORD IS REFERRING TO HIS TESTIMONY AND INFORMATION WOULD BE SUSPECT FOR PURPOSES OF ESTABLISHING PROBABLE CAUSE OR FOR DEFEATING THIS MOTION.

THE GOVERNMENT ATTEMPTS TO SWEEP THIS WHOLE CASE UNDER THE RUG BY ARGUING PROCEDURAL DEFAULTS AND CONSTITUTIONAL IMPEDIMENTS. THE GOVERNMENT'S ARGUMENT OVERLOOKS ONE CRITICAL CONSEQUENCE THAT WOULD HAVE RESULTED IF THE PETITIONER HAD BEEN AWARE OF THE MISREPRESENTATIONS. THERE WOULD HAVE BEEN NO FEDERAL INDICTMENT BECAUSE THE STATE JUDGE HAVING BECOME AWARE OF FALSE TESTIMONY TO OBTAIN SUCH WARRANT WOULD HAVE SUPPRESSED ALL THE EVIDENCE SEIZED DURING THE SEARCH OF PETITIONER'S FISHER'S APARTMENT. THIS WOULD HAVE BEEN DONE REGARDLESS OF THE GOOD FAITH OF THE UNITED STATES ATTORNEY'S OFFICE. THE ACTS COMMITTED HERE ARE INTOLERABLE. THIS COURT SHOULD NOT BE FORCED TO UPHOLD A CONVICTION WHERE GOVERNMENT WITNESSES AND AGENTS HAVE ADMITTED THAT THEY TESTIFIED UNTRUTHFULLY. THE GOVERNMENT'S CONDUCT ITSELF AND THROUGH AGENT LUNSFORD WAS PATENTLY EGREGIOUS AND CANNOT BE CONDONED NOR TOLERATED. ITS MANNER OF SEEKING A CONVICTION OF FISHER SHOCKS THE COURT'S CONSCIENCE. THE INDICTMENT MUST BE DISMISSED AS A PROPHYLACTIC SANCTION FOR THE CONSISTENT COURSE

OF ENTRENCHED AND FLAGRANT MISCONDUCT. UNITED STATES V.
BIRDMAN, 602 F.2D 547 (3D CIR. 1979), CERT. DENIED, 62 L.ED 2D
668 (1980).

PETITIONER FISHER FURTHER CONTENDS THAT WHILE THE
GOVERNMENT SUBMITS THAT PETITIONER'S GUILTY PLEA SHOULD BE
UPHELD, IT HAS ON SEVERAL OCCASIONS ALLOWED PLEAS OF GUILTY TO
BE OVERTURNED, REVERSED, OR MODIFIED AS A RESULT OF THE
MISCONDUCT COMMITTED BY AGENT LUNSFORD. PETITIONER INTENDS
THROUGH DISCOVERY AND PRESENTATION AT A FUTURE EVIDENTIARY
HEARING TO SHOW THAT THE GOVERNMENT IS TREATING HIS CONVICTION
DIFFERENT THAN OTHER GUILTY PLEAS WHICH WERE OBTAINED AS A
RESULT OF MISCONDUCT BY AGENT LUNSFORD. THIS IS BEING DONE
WITHOUT ANY JUSTIFICATION AND AMOUNTS TO A VIOLATION OF EQUAL
RIGHTS AND CREATES A OBVIOUS DISPARITY IN HOW THESE MATTERS
ARE BEING HANDLED. PETITIONER FISHER ALSO CONTENDS THAT THERE
CANNOT BE A WAIVER BASED ON A SILENT RECORD. HERE THE
GOVERNMENT NEVER INFORMED PETITIONER ABOUT THE UNLAWFUL
CONDUCT OF AGENT LUNSFORD AND THEREFORE, PETITIONER COULD NOT
KNOWINGLY AND INTELLIGENTLY WAIVE HIS RIGHT TO ARGUE
PROSECUTORIAL MISCONDUCT. IN THIS MATTER, THE PROSECUTION'S
UNWITTING USE OF PERJURY IS SUBJECT TO THE SAME REVIEW AS
KNOWING USE OF PERJURED TESTIMONY, AND IS HELD TO THE SAME
STANDARD WHICH REQUIRES A PETITIONER TO PROVE BY A
PREPONDERANCE OF THE EVIDENCE THAT THE FALSE TESTIMONY
CONTRIBUTED TO HIS CONVICTION OR PUNISHMENT.
SEE - EX PARTE CHABOT, TEX. CRIM. APP. NO. AP-75,940 12/9/09.
PETITIONER THEREFORE, SUBMITS THAT EVEN ASSUMING ARGUENDO THAT
THIS MATTER INVOLVES UNKNOWING, RATHER THAN KNOWING, USE OF
TESTIMONY, THERE IS STILL NO REASON FOR SUBJECTING THE TWO

TYPES OF ERRORS TO DIFFERENT STANDARDS OF HARM. WHERE A PROSECUTOR CONCEDES THE MATERIALITY OF THE PERJURED WITNESSE'S TESTIMONY, THE TEST BECOMES A DUE PROCESS ISSUE WHICH THE PETITIONER NEEDS TO SHOW ONLY THAT (1) THAT THE EXISTENCE OF THE PERJURED TESTIMONY CAME TO HIS KNOWLEDGE AFTER SENTENCING,(2) THAT IT COULD NOT HAVE BEEN DISCOVERED SOONER WITH DUE DILIGENCE, (3) THAT THE TESTIMONY WAS MATERIAL, AND THAT (4) THE DEFENDANT WOULD HAVE PROBABLY HAVE NOT ENTERED A GUILTY PLEA HAD THE INFORMATION BEEN GIVEN TO HIM DURING DISCOVERY.

PETITIONER FISHER SUBMITS THAT COURT SHOULD CONDUCT AN REVIEW THE INFORMATION "IN CAMERA" TO ASCERTAIN ITS TRUE NATURE AND DETERMINE WHETHER THE SECOND CONFIDENTIAL SOURCE MENTIONED EXISTED AND GAVE SUCH INFORMATION TO AGENT LUNSFORD REGARDING FISHER, NOTWITHSTANDING THE FACT THAT SUCH WOULD STILL BE INADMISSIBLE BASED UPON THE FACT THAT A "DETACHED AND NEUTRAL MAGISTRATE" WAS NEVER GIVEN THE OPPORTUNITY TO ASSESS THE SECOND INFORMANT'S VERACITY AND RELIABLE FOR PROVIDING ACCURATE INFORMATION FOR PROVING PROBABLE CAUSE TO ISSUE SUCH WARRANT TO SEARCH.

PETITIONER ALSO ASKS THAT THIS COURT SUPPRESS THE GOVERNMENT'S ANSWER AND RESPONSE BECAUSE IT VIOLATES THE COURTS ORDER ISSUED ON MARCH 30TH, 2010, WHICH DIRECTS THAT THE GOVERNMENT'S ANSWER TO THE MOTION TO VACATE IS LIMITED (EMPHASIS) TO ADDRESSING THE TIMELINESS ISSUE ONLY. SEE - EXHIBIT " E ". THE GOVERNMENT'S ANSWER DOES NOT ADDRESS THE TIMELINESS ISSUE AT ALL, AND AS A RESULT SHOULD BE SUPPRESSED. ASSUMING THAT THE COURT "SUA SPONTE" DEALS WITH THE TIME-BARR

ISSUE, PETITIONER SUBMITS THAT THE FAILURE OF THE GOVERNMENT
TO TURN OVER EVIDENCE OF AGENT LUNSFORD'S #302 PROFFER DATED
OCTOBER 23, 2009, PREVENTED PETITIONER FROM RAISING SUCH ISSUE
TIMELY WITHIN THE TIME LIMITS SET BY THE ANTI-EFFECTIVE DEATH
PENALTY ACT. SUCH GOVERNMENT INTERFERENCE CAUSED SUCH TIME
LIMIT TO RUN OUT. EQUITABLE TOLLING MUST BE GRANTED BECAUSE
THE GOVERNMENT'S INTERFERENCE WITH PETITIONER'S RIGHT TO FILE
TIMELY IS "EXCUSABLE NEGLECT".

PETITIONER FURTHER SUBMITS THAT ONCE HE RECEIVED THE #302
PROFFER IN THE GOVERNMENT'S RESPONSE THAT SUCH EVIDENCE BECAME
"NEWLY DISCOVERED EVIDENCE" THAT COULD NOT BE OBTAINED UNDER
THE DUE DILIGENCE STANDARD BECAUSE THE GOVERNMENT DID NOT
REVEAL SUCH UNTIL AFTER PETITIONER FILED THE §2255 HABEAS
CORPUS ACTION. THUS GOOD CAUSE HAS BEEN ESTABLISHED FOR ANY
TIME BAR WHICH MAY BE RAISED.

PETITIONER HAS SUBMITTED THE PICTURES IDENTIFYING THE
WATCH WHICH AGENT LUNSFORD STOLE FROM HIS APARTMENT ALONG WITH
OTHER ITEMS OF PERSONAL PROPERTY. SEE -EXHIBIT " B ". FISHER
ASKS THAT THE COURT ORDER SUCH WATCH RETURNED AND THAT THE
COURT ORDER THE GOVERNMENT TO TURN OVER A COMPLETE LIST OF ALL
PROPERTY CONFISCATED FROM AGENT LUNSFORD HOUSE AT THE TIME
THAT THE GOVERNMENT EXECUTED A SEARCH WARRANT UPON AGENT
LUNSFORD'S PROPERTY.

PETITIONER LASTLY SUBMITS THAT THIS MATTER SHOULD BE
EXPEDITED BECAUSE PETITIONER IS UNLAWFULLY CONFINED UNDER THE
PRESENT TERM, AND THAT EVERYDAY SPENT INCARCERATED IS A
MISCARRIAGE OF JUSTICE. IN THE ALTERNATIVE, PETITIONER
REQUESTS THAT THIS COURT CONDUCT A BAIL HEARING AND RELEASE
PETITIONER ON BAIL WITH ELECTRONIC ANKLE MONITORING PENDING

THE OUTCOME OF THIS APPEAL.

FOR THIS HE PRAYS,

CORTEZ FISHER #41427-037

F.C.I. FAIRTON - BOX 420

FAIRTON, NEW JERSEY 08320

DATED: JULY 13, 2010

CORTEZ FISHER #41427-037

F.C.I. FAIRTON - BOX 420

FAIRTON, NEW JERSEY 08320

LIST OF EXHIBIT'S