IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | |
| | | Criminal No.: JFM-07-0518 |
| CORTEZ FISHER | * | |
| | | Civil No. JFM-10-706 |
| | * | |

******

**MEMORANDUM**

Cortez Fisher has filed a motion to vacate conviction and sentence under 28 U.S.C. §2255. Although the motion is not frivolous, it will be denied.

Fisher pled guilty to the crime of possession of a handgun by a convicted felon and was sentenced to 120 months incarceration. The basis of his motion is that after he pled guilty and was sentenced he learned that Task Force Officer Mark Lunsford, the affiant on the warrant that led to the search of Fisher's residence, where the firearm he unlawfully possessed was found, himself pled guilty to several charges related to a scheme by which Lunsford falsely attributed information to informants who then shared reward money with him. Fisher contends that if he had known that Lunsford himself was a felon, he would have filed a motion to suppress and challenged the affidavit that led to the search of his residence.

Unquestionably, if Fisher had known of Lunsford's criminal misconduct, he would have filed a motion to suppress, and the motion may well have been successful. Nevertheless, Fisher does not deny that he was unlawfully in possession of a firearm (as he admitted under oath during his Rule 11 colloquy). Under these circumstances I cannot find that a failure to allow Fisher to withdraw his guilty plea would result in a "miscarriage of justice." *See United States v.*

*Davis*, 954 F.2d 182, 184 (4th Cir. 1992). Certainly, Fisher was denied of an opportunity to pursue a motion to suppress that might have been meritorious, but neither the Government nor his own counsel was aware of Lunsford's criminal misconduct at the time that Fisher entered his guilty plea and was sentenced. Therefore, it cannot be said that Fisher's counsel was ineffective or that the Government breached any obligation that it owed to him. In this light, the fact that Fisher indisputably was guilty of the crime to which he pled guilty is dispositive.

      A separate order denying Fisher's motion is being entered herewith.


Date:   May 27, 2011                      /s/
                                                 J. Frederick Motz
                                                 United States District Judge